IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE:

CARRIE CICCO,	CASE NO. 24-10708-JCO

DEBTOR.	Chapter 13

**MEMORANDUM ORDER AND OPINION**

This matter came before the Court on the Debtor's Motion to Set Aside Order ("Motion") and Objection to Claim of Randles Mobile, LLC d/b/a Midtown 250 ("Midtown"), and Midtown's Reply thereto (Docs. 60, 67, 71). Proper notice was given and appearances were noted by Attorney William Poole as counsel for the Debtor, Carrie Cicco ("Cicco") and Attorney John Lee as counsel for Midtown. Upon consideration of the pleadings, exhibits, record, arguments of counsel and stipulation of facts, this Court finds that the Motion is due to be DENIED and the Objection to Claim is due to be OVERRULED, for the reasons below.

PROCEDURAL BACKGROUND AND RELEVANT FACTS

On or about January 6, 2024, the Debtor, Carrie Cicco ("Cicco") entered into a contract ("Lease") with Randles Mobile, LLC d/b/a Midtown 250 ("Midtown") for a 12-month lease of apartment unit 240 located at 250 Sage Avenue in Mobile Alabama ("Premises"). (Doc. 12 at 5-12).[1] Cicco failed to make rent payments and Midtown issued a notice to cure for non-payment under applicable state law[2] on February 6, 2024. (Doc. 79). Midtown subsequently filed a state court unlawful detainer action which was pending when Cicco filed a Chapter 7 Bankruptcy Petition on March 19, 2024. *Id.* On March 26, 2024, Midtown filed a Motion for Relief from the

---

[1] The record reflects that the Debtor had a prior rental relationship with Creditor as well.
[2] Ala. Code §36-9A-421(b).

1

automatic stay. (Doc. 12). On April 21, 2024, Cicco filed a Motion to Convert to Chapter 13, which was subsequently granted. (Docs. 21, 42). Cicco's Chapter 13 plan proposed to assume the Lease. (Docs 50, 82).

At the Motion for Relief hearing, Cicco's counsel advised that he was holding three Lease payments in his trust account. Creditor's counsel stated that if those payments were applied, Cicco would still be two payments past due through May 2024 plus the outstanding attorney's fees and costs. Upon consideration of the record and the statements of counsel, the Court stated that it would allow Cicco to assume the Lease and denied the Motion for Relief on the following conditions: (1) delivery of the three payments held in trust to Midtown; (2) prompt cure of the remaining past due rent amount and attorney's fees and costs; (3) remittance of future Lease payments when due; and (4) a 20-day notice to cure provision in the event of future default.

A Conditional Denial Order was entered which: (1) reflected a total Lease default of $5,904.00 through May 2024[3]; (2) directed Debtor's Attorney to tender the 3 payments held in trust totaling $2,316.00 to Midtown; (3) required the Debtor to cure the rent payments totaling $1,908.00 in equal payments over six months commencing in June 2024 and make all future rental payments when due; (4) included a 20-day notice provision in the event of Debtor's future payment default; and (5) allowed the Creditor an administrative claim in the amount of $1,680.00 for its attorney's fees and costs.(Doc. 57).

The Debtor now seeks to vacate the Conditional Denial Order by contesting the provisions requiring the cure payments to commence immediately and the allowance of Creditor's counsel's attorney's fees. (Doc. 60). The record, statements of counsel at the settings, exhibits and

---

[3] Consisting of $4224.00 rent arrears, attorney's fees and costs of $731.00 for the pre-petition state court unlawful detainer action and $949.00 in attorney's fees and costs of the Motion for Relief.

Stipulation establish that: (1) the Debtor defaulted under the Lease by failing to make payments; (2) as a result of the default, Midtown, by and through counsel, initiated a pre-petition state court unlawful detainer action for possession on February 19, 2024; (3) the unlawful detainer was halted the day before trial, due to the Debtor's bankruptcy filing; (4) Cicco recently remitted the sum of $2,316.00 to Midtown post-petition as well as two additional post-petition rent payments but has not made any payment toward the $1,908.00 in pre-petition rental arrears or the $1,680.00 attorney's fees and costs incurred by Creditor's counsel for handling the Unlawful Detainer and the Motion for Relief.

DISCUSSION

*Assumption of a Residential Lease In Chapter 13 Requires Prompt Cure of Default*

Assumption of a residential lease in a Chapter 13 bankruptcy requires prompt cure of any default and adequate assurance of future performance. 11 U.S.C. §365(b)(1); *In re Morgan*, 181 B.R. 579, 587 (Bankr. N.D. Ala. 1994). Whether the time period a debtor proposes to cure a prepetition default under a lease qualifies as prompt cure, depends upon the facts and circumstances of the case. *In re Uniq Shoes Corp.*, 316 B.R. 748 (Bankr. S.D. Fla. 2004). In making such determination, courts may consider several factors, including the debtor's past financial performance and the remaining term of the lease. *Id.* (citing *In re Embers 86th Street, Inc.,* 184 B.R. 892, 900–901 (Bankr.S.D.N.Y.1995); *In re R/P International Technologies, Inc.,* 57 B.R. 869 (Bankr.S.D.Ohio 1985)). Alabama bankruptcy courts have noted that, "prompt," as it relates to curing defaults in residential leases, is six months or the time remaining on the unexpired lease, whichever is less. *In re Trusty*, 189 B.R. 977, 983 (Bankr. N.D. Ala. 1995)(citing *In re Morgan*, 181 B.R. 579, 587 (Bankr.N.D.Ala.1994)). This Court has adopted and incorporated this timeframe into its Local Plan Form. https://www.alsb.uscourts.gov, Local Forms, Chapter 13 Plan.

The language of the Local Plan Form requires debtors to "cure any pre-petition default by making supplemental equal monthly payments to the creditor within the shorter of 6 months from confirmation or the remaining term of the contract". *Id.*

Cicco's contention that she should not be required to commence cure payments until after confirmation is untenable under the facts here. There is no dispute that the 12-month Lease commenced in January 2024 and will expire in January 2025. The Debtor was substantially behind on pre- and post-petition Lease payments when this matter came before the Court on Midtown's Motion for Relief. The Court stated that it would allow the Debtor to assume the Lease and denied Midtown's Motion for Relief under certain conditions, including prompt cure of the default. As discussed above, a "prompt cure" should not exceed the shorter of six months or the remaining term of the Lease. At the time of the Motion for Relief, approximately 7 months remained on the Lease term, the case was contemporaneously converted from Chapter 7 to Chapter 13, and confirmation would not occur until several months later, at the earliest. As debtors have a duty to act in good faith, and Cicco proposed to assume the Lease and asserted such intention as a defense to the Motion for Relief, there is no reasonable justification for delaying commencement of the cure payments. Delaying payments would shorten the term and increase the monthly payment necessary to cure. This could result in the Debtor's inability to accomplish the cure and prejudice the Creditor. As the provision in the Conditional Denial Order requiring the Debtor to commence cure payments promptly is consistent with this Court's prior ruling and is warranted under the circumstances, Cicco's request to set aside the Order and delay the cure payments is due to be denied.

*Upon Assumption Of A Residential Lease In Chapter 13, Lessors Are Entitled To Compensation For Actual Pecuniary Losses Resulting from The Lease Default*

Section 365 of the Bankruptcy Code provides that if there has been a default under a lease, it may not be assumed unless the Lessor is compensated or receives adequate assurance that it will be promptly compensated for actual pecuniary loss resulting from the default. 11 U.S.C. 365(b)(1)(B). Compensation for pecuniary loss ordinarily means that the debtor must pay any accrued costs of collection provided for under the lease in full. *In re Morgan*, 181 B.R. 579, 587–88 (Bankr. N.D. Ala. 1994). Under Alabama law, landlords are prohibited from including attorney's fees provisions in rental agreements. Ala. Code §35-9A-163; Ala. Code §35-9A-421; *Hiett v. Brady*, 371 So. 3d 848, 854 (Ala. 2022). However, Alabama Code §35-9A-421(c), "allows a landlord to recover attorney fees "for noncompliance by the tenant with the rental agreement." *Cobblestone Glen Flats, LLC v. R&R-Beth LP*, No. 1:20-CV-410-CLM, 2022 WL 97050, at 12 (N.D. Ala. Jan. 10, 2022); see also, Jeffrey C. Smith, *The New Uniform Residential Landlord and Tenant Act: Balancing the Scales of Justice in the Landlord-Tenant Relationship*, 67 Ala. Law. 422 (2006)(explaining that Alabama's version of the Uniform Residential Landlord Tenant Act prohibits inclusion of provisions in leases which *automatically* entitle landlords to costs of collection and attorney's fees but provides that landlords may recover reasonable attorney's fees for breach as a result of enforcement of a lease).

Courts have often employed a two-prong test of good faith in determining whether attorney fees and expenses are reasonable. *In re Food etc., L.L.C.*, 281 B.R. 82, 85 (Bankr. S.D. Ala. 2001); *In re Mathews*, 208 B.R. 506, 514 (Bankr.N.D.Ala.1997). The test requires the court to decide: (1) whether the party claiming the right to attorney's fees, pursuant to a contract, acted reasonably in

5

employing counsel; and (2) if the services, for which attorney's fees are claimed, are reasonable under the circumstances. *Id. (*citing *King v. Calvert & Marsh Coal Co., Inc.,* 362 So.2d 889, 893 (Ala.1978)). This Court has also entered Administrative Orders establishing allowable fee amounts in regard to routine matters. Administrative Order No. 2022-08 provides in part that Creditor's counsel is allowed a fee of $750.00 on Motions for Relief.

Midtown is entitled to recover its attorney's fees and costs incurred due to Cicco's Lease payment default. The Debtor's contest of Midtown's attorney's fees is unsupported by the facts or the law. There is no dispute that Cicco's failure to make the Lease payments necessitated the filing of the state court Unlawful Detainer action and the Motion for Relief. The plain language of the *Alabama Uniform Residential Landlord and Tenant Act* provides that landlord's may recover reasonable attorney's fees for breach as a result of enforcement of a lease and the Bankruptcy Code provides that the landlord is entitled to compensation for pecuniary losses resulting from default. *Ala. Code* §35-9A-421(c); 11 U.S.C. 365(b)(1)(B). Thus, the only question for this Court to decide is the reasonableness of the attorney's fees sought.

The Conditional Denial Order reflects $731.00 in attorney's fees and costs for the Unlawful Detainer and $949.00 in attorney's fees and costs for the Motion for Relief. As these amounts include $331.00 in court costs for the Unlawful Detainer and $199.00 in court costs for the Motion for Relief, Midtown's counsel's fees were $400.00 for the Unlawful Detainer and $750.00 for the Motion for Relief. This Court finds that it was reasonably necessary for Midtown to retain counsel and incur attorney's fees and costs of pursuing the Unlawful Detainer and Motion for Relief due to Cicco's default. Based on this Court's knowledge and experience as well as the countless fee applications that have come before it, it concludes that $400.00 is a reasonable attorney's fee for the worked performed by Midtown's counsel as reflected on the Unlawful Detainer Case Action

Summary.[4] (Doc. 73). The Court further finds that the Motion for Relief was properly filed and the attorney's fees charged adhere to Local Administrative Order 2022-08. Thus, Midtown is entitled to be compensated for the pecuniary losses (in the form of attorney's fees and costs), that it incurred due to the Debtor's Lease default, there is no basis to vacate the provision in the Conditional Denial Order allowing the same, and the Debtor's Objection to Claim is due to be overruled.

## CONCLUSION

For these reasons, it is hereby ORDERED, ADJUDGED, and DECREED that Cicco's Motion to Set Aside the Conditional Denial Order is DENIED and her Objection to Midtown's Proof of Claim is OVERRULED.

Dated: October 3, 2024

JERRY OLDSHUE
CHIEF U.S. BANKRUPTCY JUDGE

---

[4] Which the Court deduces necessarily included: opening the file, preparing and filing the complaint, attending to service of process, preparing and filing an application for default, receipt and review of the Defendant's answer, and preparation for trial.